UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIONTE HAWTHORNE, | ) | Case No. 1:10 CV 00193 LW |
| | ) | |
| Plaintiff, | ) | Judge Lesley Wells |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| MAGGIE BRADSHAW, WARDEN | ) | (Resolving ECF #1) |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Dionte Hawthorne has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. §2254. (Docket 1). Mr. Hawthorne was convicted in the Cuyahoga County Court of Common Pleas of one count of felonious vandalism pursuant to O.R.C. §2909.05 and was sentenced to one year in prison on May 2, 2007. (Docket 7, Exhibit 4, Exhibit 5). Mr. Hawthorne appealed his conviction to the Ohio Eighth District Court of Appeals (the "Appellate Court") on May 30, 2007. (*Id*, Exhibit 6)

On appeal, Mr. Hawthorne argued the following errors: 1) the trial court committed plain error in its instruction regarding the element of serious physical harm to property; 2) the conviction for vandalism violated Mr. Hawthorne's right not to be twice placed in jeopardy for the same offense; 3) the trial court improperly considered evidence of uncharged criminal behavior in arriving at its sentence; 4) Mr. Hawthorne received the ineffective assistance of counsel. (*Id*., Exhibit 7)

When the Appellate Court affirmed his conviction on May 1, 2008, Mr. Hawthorne then sought leave to challenge his conviction to the Ohio Supreme Court on July 28, 2008 (*Id*.,

Exhibit 9, Exhibit 12), which refused review on November 17, 2008, because the appeal did not involve "any substantial constitutional question." (*Id.*, Exhibit 15).

Mr. Hawthorne filed the instant petition on January 17, 2010, under 28 U.S.C. §2254 and presents two grounds for relief. (Docket 1).

> **Ground 1**: Defendant was twice put in jeopardy because, prior to being prosecuted for felony vandalism, he pled guilty to the lesser included offense of criminal damaging for the same incident
>
>> Supporting FACTS: Prior to trial for felony vandalism, the defendant was prosecuted for the misdemeanor offense of criminal damaging, Cleveland Municipal Court Case No. 2006-CRB-030731, for the same incident.
>
> **Ground 2:** Defendant was denied the effective assistance of counsel because defense counsel failed to raise the issue of double jeopardy until after trial commenced.
>
>> Supporting FACTS: Defense counsel never raised the issue of double jeopardy until after the state had rested its case in chief.

*Id.*

Respondent filed her answer. (Docket 7). Mr. Hawthorne did not file a traverse.

## I.    *FACTUAL BACKGROUND*

On September 2, 2006, Mr. Hawthorne "threw two flower pots through two front windows of a home owned by Denise Kinney". *State v. Hawthorne*, 2008 WL 190400 (Ohio App. 8 Dist.) and then used a brick to destroy the windows of two vehicles which were parked outside the home of Mrs. Kinney. (TR 177-178). Mr. Hawthorne was brought to trial in the Cuyahoga County Common Pleas Court on April 23, 2007, for five counts of felonious assault

2

pursuant to Ohio R.C. 2903.11(Counts One through Five), one count of having a weapon while under disability Ohio R.C. 2923.13(Count Six), and one count of vandalism pursuant to Ohio R.C. 2909.05 (Count Seven). (Docket 7, Exhibit 1, Exhibit 8). At trial, Count Six was dismissed under defendants Ohio Crim. R. 29 (motion to dismiss), and Mr. Hawthorne was found not guilty of Counts One through Five. Mr. Hawthorne was found guilty of Count Seven, and sentenced to one year in prison. (*Id*, Exhibit 3, Exhibit 4).

**II.** *LAW AND ANALYSIS*

For purposes of federal collateral review, all claims adjudicated on their merits by state courts are governed by 28 U.S.C. §2254(d)(1) and (2), which extends the permissible range of federal review of state convictions as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - - -
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding (emphasis supplied).

A district court has very restricted Congressionally-granted powers for review under 28 U.S.C. §2254(d). See *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000)*; Bell v. Cone*, 535 U.S. 685 (2002). The habeas applicant must show either that the state decision was "contrary to" or an "unreasonable application" of Supreme Court precedent. The phrases "contrary to" and "unreasonable application" are not the same. Under the "contrary to" standard of review, the

state court's decision is "contrary to" clearly established federal law when it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [this] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Williams,* 529 U.S. at 405-06; *Mitchell v. Esparza*, 540 U.S. 12, 15 (2003). Under those circumstances the Supreme Court has held that the federal court on habeas review may grant the writ. *Id.* The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision. *Lockyer*, 538 U.S. at 71-72; *Williams*, 529 U.S. at 412; *Bell*, 535 U.S. at 698.

Under the "unreasonable application" standard, "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005); *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). This includes both the state court's refusal to extend and/or its unreasonable extension of existing legal principles from Supreme Court precedent to new contexts. See *Williams*, 529 U.S. at 407. The unreasonable application of Supreme Court precedent must, however, be "objectively" unreasonable. *Id.* at 409; *Wiggins,* 539 U.S. at 520-21. When the state court has rendered a decision, the federal reviewing court may not grant the writ in its "independent review of the legal question." *Lockyer*, 538 U.S. at 75. When there has been an "unreasonable application" of clearly established federal law, then no deference is due to the state decision and the federal court is free to resolve the claim independently.

      1.      <u>Ground for Relief No. 1</u>

Mr. Hawthorne argues that, "defendant was twice put in jeopardy because, prior to being prosecuted for felony vandalism, he pled guilty to criminal damaging for the same incident." (Docket 1 at 4).  Mr. Hawthorne argues that the trial court erred when it denied his Ohio Crim. R. 29  because he had failed to demonstrate to the court he was previously convicted in a separate proceeding for the identical actions as he was being prosecuted for in the Court of Common Pleas. (TR. 310-311). As evidence, Mr. Hawthorne refers to Cleveland Municipal Court Case No. 2006-CRB-030731. (Docket 1 at 4).

Respondent argues that there can be no Fifth Amendment violation because "the Double Jeopardy Clause does <u>not</u> shield a defendant against separate trials for **separate criminal acts**." (Docket 7 at 8). Respondent claims, "[i]n Hawthorne's case, he committed separate crimes by his actions on the evening of September 2, 2006, first by throwing multiple flower pots at the victims house, and then, by throwing bricks at several cars." *Id*.

The Appellate Court  ruled that Mr. Hawthorne, in omitting to present a transcript of the municipal court proceedings, "... failed ... to present any evidence which would substantiate his claim that the conviction in the municipal court was based upon the same act or acts." (*Hawthorne* at  ¶11) "Thus there was nothing before the trial court which would support this claim." and the Appellate court overruled Mr. Hawthorne's assignment of error. *Id*.

Mr. Hawthorne has not provided clear and convincing evidence to rebut the presumption of correctness afforded the State Court under 28 U.S.C. §2254. The trial court was never

presented with a transcript of the municipal court proceedings which could show that Mr. Hawthorne was being prosecuted twice for the same crime, and was unable to access the proceedings under the judicial notice doctrine established by Ohio Crim. R. 27.[1] (TR. 310-311) Lacking access to the records of the municipal court trial, the trial court properly ruled against Mr. Hawthorne's Ohio Crim. R. 29 motion. *Id*.

The standards set forth in *State v. Ishmail* 54 Ohio St.2d 402 (1978) barred the appellate court from adding the transcript of the municipal court proceeding to the record. The Court in *Ishmail* ruled "[s]ince a reviewing court can only reverse the judgement of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." (*Ishmail* 54 Ohio St.2d 402 at 405-406). For the Appellate Court to "add the transcript to the record before it and to render its decision based on upon the contents of that transcript" would have constituted a "prejudicial error" according to the *Ishmail* Court. *Id*. As such, the Appellate Court was correct in refusing to admit the transcript when reviewing the trial court's decision.

Regarding his first ground for relief, Mr. Hawthorne has failed to show his imprisonment was the result of a decision that was contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. Based on the foregoing, Mr. Hawthorne's first ground for relief should be rejected.

---

[1] Ohio Crim. R. 27 states that the judicial notice doctrine of Ohio Civ. R. 44.1 applies to criminal cases. Ohio Civ. R. 44.1(A)(1) only allows judicial notice for "the rules of the supreme court of this state and of the decisional, constitutional, and public statutory laws of this state."

  2.  Ground for Relief No. 2

In his second ground for relief, Mr. Hawthorne claims he "was denied the effective assistance of counsel because defendant counsel failed to raise the issue of double jeopardy until after the trial commenced." (Docket 1 at 4). Mr. Hawthorne supported this claim by stating that defense counsel did not raise the issue of double jeopardy until after trial commenced. *Id.*

Respondent asserts that "Hawthorne cannot demonstrate any constitutional deficiency, let alone anything his counsel might have done that could have reasonably changed the result of his trial." (Docket 7 at 13). The Respondent further asserts that "trial counsel appropriately did not submit the documentation from the municipal court case, because he was well aware it involved a separate criminal activity." (*Id.* at 14). "It is not constitutionally deficient under *Strickland v. Washington,* 466 U.S. 688 (1984) for an attorney to fail [to] raise a meritless claim." *Id.*

The Court of Appeals rejected Mr. Hawthorne's assignment of error on this issue because Mr. Hawthorne did not show he was prejudiced by his counsel's failure to provide a transcript of the municipal court proceedings at the trial level. (*Hawthorne* at ¶24). Citing United States Supreme Court decision in *Strickland*, *supra* the Appellate Court stated it "must find that... the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *Id.* In support of his assignment of error, Mr. Hawthorne attached a transcript of his municipal court proceeding to his appellate brief.. *Id.* Citing *Ishmail*, the Appellate Court declined to consider the transcript, claiming that "[the transcript] constitutes evidence from outside the record of this case, since it is a transcript of proceedings from a separate matter that was never presented at the

trial level." *Id*. Confronted with a lack of evidence, the Appellate Court overruled Mr. Hawthorne's assignment of error. *Id.*

The Appellate Court acted correctly in rejecting the transcript and concluding that Mr. Hawthorne failed to show he was prejudiced. *Ishmail* prohibited the Appellate Court from deciding Mr. Hawthorne's case based on material that was not on the record. *(Ishmail* at 405-406; *Hawthorne* at ¶24). Mr. Hawthorne provides no evidence that he was prejudiced by his counsel's failure to provide the record of his municipal court proceeding, therefore Mr. Hawthorne has failed to show his imprisonment was the result of a decision that was contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence Accordingly, Mr. Hawthorne's second ground for relief should be dismissed

### III.   *CONCLUSION AND RECOMMENDATION*

Following review of the arguments raised in the petition and applicable law, petitioner has not demonstrated that he was in custody pursuant to a state court judgement that resulted from a decision that is "contrary to" or involved in an "unreasonable application" of federal law as determined by the Supreme Court of the United States. [2] See 28 U.S.C. §2254(d)(1). Further, there has been no demonstrated need for an evidentiary hearing and the petition for habeas corpus relief under 28 U.S.C. §2254 should be denied and dismissed.

---

[2] Mr. Hawthorne cannot argue actual innocence, because a "double jeopardy claim merely demonstrates legal, as compared to actual innocence." *Selsor v. Kaiser*, 22 F.3d 1029 (Okl., 1994)

                                                      s/ James S. Gallas
                                           United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).