IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

DIONTE HAWTHORNE

    Petitioner,

-vs-

MAGGIE BRADSHAW, WARDEN,

    Respondent.

---

: CASE NO. 1:10 CV 0193

: **MEMORANDUM OF OPINION AND**
: **ORDER DENYING PETITIONER'S**
: **OBJECTION AND ADOPTING THE**
: **MAGISTRATE JUDGE'S REPORT AND**
: **RECOMMENDATION**

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Dionte Hawthorne ("Mr. Hawthorne" or "Petitioner") petitions this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). By way of background, this Court notes that after a trial by jury in the Cuyahoga County Court of Common Pleas, Petitioner was convicted of one count of felonious vandalism, pursuant to O.R.C. § 2909.05, and sentenced on 2 May 2007 to serve one year in prison. (Docket 7, Exhs. 4, 5). Ohio's vandalism statute, R.C. § 2909.05(A), prohibits the intentional "serious physical harm to an occupied structure." The felonious vandalism charge sprang from the allegation that Mr. Hawthorne "threw two flower pots through two front windows of a home owned by Denise Kinney" on the evening of 2 September 2006. State v. Hawthorne, 2008 WL 190400 (Ohio App. 8 Dist.). Subsequently, on the evening of

2 September 2006, witnesses also saw Mr. Hawthorne use a brick to smash the windows of Ms. Kinney's automobile and the windows of a nearby parked car owned by Rochelle Carter. In a separate proceeding, prior to his conviction for felonious vandalism, Mr. Hawthorne pled guilty to criminal damaging in the Cuyahoga County Municipal Court for his actions directed at the two automobiles. Ohio's criminal damaging statute, R.C. §2909.06, prohibits creating "a substantial risk of physical harm to any property of another without the other person's consent." The habeas petition before this Court involves Mr. Hawthorne's contention that his 5th Amendment right against double jeopardy has been violated by his felony conviction for vandalism, following his prior misdemeanor conviction for criminal damaging.[1]

After exhausting his direct appeal in state court, Mr. Hawthorne filed the instant § 2254 petition, presenting two grounds for relief: (1) violation of the prohibition against double jeopardy, because, "prior to being prosecuted for felony vandalism he pled guilty to the lesser included offense of criminal damaging for the same incident"; and (2) ineffective assistance of counsel "because defense counsel failed to raise the issue of double jeopardy until after trial commenced." (Doc. 1). In a comprehensive Report and Recommendation (R&R), the Magistrate Judge recommended dismissing both grounds for relief on the basis that Mr. Hawthorne failed to demonstrate that the state court

---

[1] The Double Jeopardy Clause of the 5th Amendment to the United States Constitution protects a defendant against "a second prosecution for the same offense after acquittal . . . a second prosecution for the same offense after conviction . . . and against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

2

judgment was "contrary to" or involved an "unreasonable application" of federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

Mr. Hawthorne does not contest the finding of the R&R as to his first ground for relief alleging a violation of the prohibition against double jeopardy. Petitioner does, however, object to the recommendation by the Magistrate Judge to dismiss his second ground for relief alleging ineffective assistance of counsel. (Doc. 10). Mr. Hawthorne insists that while his counsel did raise an objection to the state's felonious vandalism charge on the basis of double jeopardy, counsel, nevertheless, failed to procure a transcript of the criminal damaging conviction. As such, Petitioner alleges that his counsel's "failure to perfect" the double jeopardy objection amounted to ineffective assistance of counsel sufficient to warrant habeas relief pursuant to § 2254.

This Court has reviewed the record and does not agree. For the reasons set forth below the Court will deny Petitioner's objection and adopt the Magistrate Judge's Report and Recommendation to dismiss the instant § 2254 petition.

## Law and Argument

### Ineffective Assistance of Counsel

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial

3

attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington v. Richter, __U.S.__, 131 S.Ct. 770, 788 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland 's deferential standard." Id. at 788.

The law regarding ineffective assistance of counsel claims is well-settled. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687.

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant make an insufficient showing on one."). As to the issue of performance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case,

4

viewed at the time of counsel's conduct." Strickland, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

However, even if counsel erred in representing Petitioner, the error, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In this instance, Mr. Hawthorne must demonstrate that the error prejudiced the defense to compel a finding of ineffective assistance of counsel. Strickland, 466 U.S. at 692. Mr. Hawthorne can meet this burden only by showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The prejudice inquiry "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). This Circuit has recognized that "Strickland's test for prejudice is a demanding one. The likelihood of a different result must be substantial, not just conceivable.' " Storey v. Vasbinder, 657 F.3d 372, 379 (6th Cir. 2011) (quoting Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 792).

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."

5

Strickland, 466 U.S. at 690-91. Mr. Hawthorne cannot meet this burden by simply showing that, in hindsight, the avenue chosen by counsel proves ineffective.

In this instance, Mr. Hawthorne must affirmatively prove prejudice due to the absence of the Municipal Court transcript. Yet, all the Petitioner has afforded is speculation that, had his counsel produced the transcript his trial would have turned out otherwise. While this court recognizes the difficulties inherent in an attempt to prove prejudice from the absence of a record of the proceedings at issue, nevertheless, the bare facts weigh against a finding of prejudice. Petitioner here has failed to present anything upon which the Court can base a finding of prejudice. Even if counsel had obtained the transcripts, there is not even a modicum of evidence that the transcripts would have altered the outcome of Mr. Hawthorne's vandalism conviction. This Court has held that federal habeas relief based on a missing transcript will only be granted where the petitioner can show prejudice. Bransford v. Brown, 806 F.2d 83, 86 (6th Cir. 1986).

Further, the bare facts of Mr. Hawthorne's convictions for the statutorily separate violations of criminal damaging, under R.C. § 2909.06, and felonious vandalism, under R.C. § 2909.05, strongly weigh against a finding of prejudice. Ohio courts recognize that when it is clear, as it is in this instance, that the legislature intended that two offenses be punished separately, the prohibition of double jeopardy is not violated. State v. Rance, 85 Ohio St. 3d 632, (1999). Similarly, the Sixth Circuit has determined that, in enacting separate statutes, the Ohio legislature intended to separately punish the offender for both crimes when committed at the same time. Robertson v. Morgan, 227 F.3d 589 (6th Cir. 2000); see also Grayer v. McKee, 149 Fed. Appx. 435 (6th Cir.

6

2005). Whether the Court agrees with the government's position that there were, in this instance, multiple and distinct criminal acts resulting in damage to separate and distinct properties, or whether there has been only one action, the separate legislatively permissible punishments do not implicate double jeopardy and, thus, severely mitigate against a finding of prejudice.

Mr. Hawthorne has not shown, in his ineffective assistance of counsel claim, by clear and convincing evidence that the state courts' application of Strickland (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Petition also requests an evidentiary hearing. An evidentiary hearing is not required to resolve Petitioner's remaining claim. As explained above, Petitioner's claim of ineffective assistance is found wanting under Strickland. Accordingly, Petitioner's request is denied. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (approving denial of an evidentiary hearing "on issues that can be resolved by reference to the state court record").

## Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his habeas petition and the petition must therefore be denied. The Court adopts the Magistrate Judge's Report and Recommendation.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court grants relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. Id. at 336–37. When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484–85.

8

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness of the Court's ruling. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. See Fed. R.App. P. 24(a).

IT IS SO ORDERED

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE